UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| IN RE ALPHA TELCOM, INC., et al. | ) **CV 01-1283-PA** |
|---|---|
| | ) |
| | ) **ORDER** |

**PANNER, J.**

The Receiver, and his attorneys and accountants (the "Receiver"), seek court approval of over $1.7 million in fees and costs incurred in connection with the receivership. The Receiver acknowledges that notice of this request must be sent to the thousands of investors and creditors, so their views may be heard. Unfortunately, the Receiver's proposed form of notice was not well-suited to communicate the essential information to a target audience comprised almost entirely of non-lawyers, many elderly. The court therefore prepared its own proposed form of Notice, to which the Receiver has taken exception.

The Receiver objects most vigorously to inclusion of a Comment form intended to facilitate submission of comments by lay individuals and to expedite the processing and docketing of such

/ / / /

/ / / /

1 - ORDER

comments by the Clerk.[1] The Receiver prefers that the court do nothing to facilitate submission of comments by recipients of the Notice. That objection is overruled. "The core of due process is the right to notice *and a meaningful opportunity to be heard.*" LaChance v. Erickson, 522 U.S. 262, 266 (1998) (emphasis added).

Alternatively, the Receiver wants the court to require that all persons responding to the Notice "state the legal reason for their objection or support" and "specifically address the Receiver's and professionals' performance in light of the complexity of the case, the problems faced, the benefits to the estate, the quality of the work and the time records." Otherwise, the Receiver warns, the court will receive many "unreasoned, unsubstantiated and emotional votes" opposing the Receiver's fee request from persons who are either dissatisfied with the Receiver's performance or "who are simply unhappy about their personal circumstances and wish to vent that unhappiness upon the Court and the Receiver."

That objection is overruled. The creditors and investors are entitled to express their opinions. The Receiver will then be permitted to file a reply. If, as the Receiver anticipates, the views expressed by the commenters are not germane, then presumably it will be a very short reply brief.

---

[1] Processing large numbers of hand-written letters from lay persons poses special difficulties for court staff. It often is difficult to identify what case the letter concerns or the purpose of the communication. The proposed Comment Form includes a caption that enables the Clerk to quickly identify the case and the subject of the communication, and whether the author supports or opposes the fee request. This greatly facilitates the docketing of such communications. The Form also includes the mailing address and the deadline for submitting comments.

The court's proposed Notice recites examples of the activities performed by the Receiver, including "seeking refunds from agents who received commissions for selling payphone securities." The Receiver wants the draft Notice amended to "reflect that the Receiver has obtained a judgment against the sales agents for approximately $20,000,000.00 and is in the process of pursuing collection of that judgment." This statement would be misleading, however, as much of that sum is almost certainly uncollectible. "The Receiver does not wish to be overly optimistic about his ability to recover significant amounts for the investors[,]" but that is precisely the message that would be conveyed by using the $20 million figure without additional qualifications.

To date, just one percent of this amount has actually been recovered from the agents, barely enough to offset the expenses incurred to obtain that judgment. There also are questions concerning enforceability of the judgment against some agents, due to the Receiver's decision not to effect service upon them through the usual methods or even to use certified mail. See In re Alpha Telcom Inc., 2004 WL 3142555 at *2 (D. Or. Aug. 18, 2004) ("I express no opinion regarding the result if a disgorgement order were collaterally attacked by an agent who truly was unaware of the motion, and had no opportunity to defend. The Receiver assumed that risk by proceeding in this manner.")

Eventually, these efforts may bear fruit, but that day is not yet here and might never arrive. To suggest otherwise would mislead the investors and creditors. Therefore, the objection is

3 - ORDER

overruled. The court is aware of the Receiver's efforts to recover commissions from sales agents and will consider those efforts in evaluating the fee petition. The draft Notice prepared by the court will be amended to add the words "and has obtained judgments against some agents" but without mentioning any particular monetary figure.

With that revision, the court's proposed form of Notice and the Comment Form are approved.

Full details of the Receiver's fee request cannot feasibly be included within the Notice. The Receiver has proposed that such details may be obtained only by traveling to the federal courthouse in Portland to view the documents. That is unacceptable, as there are thousands of interested parties from across the nation.

Instead, the Receiver shall promptly post, on the Alpha Telcom website that he controls and operates, copies of the fee request and supporting documentation, *i.e.,* docket ## 436 through 441, in a format suitable for on-line viewing or downloading such as PDF or HTML. Upon request from any person, and prepayment of a nominal five dollar charge, the Receiver shall also mail (or otherwise deliver) a copy of these documents in paper format.

IT IS SO ORDERED.

DATED this 13th day of November, 2005.

                                          /s/ Owen M. Panner
                                        _____
                                        Owen M. Panner
                                        United States District Judge