FILED'08 AUG 14 13:22 USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| IN RE ALPHA TELCOM, INC., et al. | ) CV 01-1283-PA |
|---|---|
| | ) |
| | ) **OPINION AND ORDER** |

**PANNER, J.**

The Receiver appointed to manage the affairs of Alpha Telcom, Inc., and its sister companies, has advised the court that further efforts to pursue claims against the sales agents are unlikely to generate sufficient revenue to justify the expense. The Receiver recommends abandoning those efforts. The Receiver further concludes that he "has recovered all available assets and recommends that the case be closed following final distribution to investors, the Receiver, and his Professionals."

The court accepts these recommendations.[1] Given the experience to date, the court has little confidence that the Receiver will ever succeed in generating additional funds for distribution to the investors. The Receiver's last best hope of

---

[1] The Securities and Exchange Commission is not thereby precluded from pursuing claims against certain agents independently of this Receivership, if the SEC determines that such action is lawful and proper.

1 - OPINION AND ORDER

recovering significant funds vanished when the Ninth Circuit ruled that the Receiver failed to properly serve a Complaint and Summons on the former sales agents, and voided the judgment for restitution that the Receiver had obtained against the agents. SEC v. Ross, 504 F.3d 1130 (9th Cir. 2007).

Further activity by the Receiver and his attorneys would merely risk squandering, on legal fees and other expenses, what little money remains. Winding up the Receivership is the best option, compared to the alternatives.

Having decided to wind up the Receivership, the court must decide how to distribute the few remaining assets. The Receiver estimates only about three hundred thousand dollars ($300,000) will be available to distribute, after expenses are paid.

The Receiver recommends "that no payments be made to trade creditors in the case, most of whose claims are unsubstantiated, based on alleged oral lease agreements relating to Alpha Telcom's payphone business."

The Receiver outlines two potential plans for distributing the remaining assets to the investors. Option One would distribute these limited funds based on the number of pay phones purchased by each investor. The Receiver estimates that would yield approximately ten dollars per pay phone, considerably less than one percent of the original purchase price. Option Two would pay a fixed sum (estimated at $38.00) to each investor identification number. In the Receiver's opinion, the second option is preferable both for administrative and equitable reasons. Otherwise, the Receiver fears, the administrative cost

2 - OPINION AND ORDER

of validating claims and distributing these relatively small sums will consume most of the remaining assets.

The Receiver's recommendations are bleak news for the creditors and investors, but not a surprise. It has been apparent for some time that there is little likelihood of recovering more than a tiny fraction of the money invested.

The Receiver's recommendations regarding the distribution appear to be sensible, given the limited funds available. However, due process requires that I first give the trade creditors and the investors an opportunity to be heard before making a final decision. The Receiver reports that he intends to file a motion to approve the proposed Plan of Distribution. Before ruling on that motion, I will require the Receiver to send to all claimants (both trade creditors and investors) notice of the proposed Plan and a form allowing comments. The court will prepare the notice and comment form after receiving the Receiver's motion.

Finally, the Receiver recommends that "Administrative Claims"--which "are those claims of the Receiver and his Professionals for fees and costs incurred in connection with the Receivership Case"--"be paid first," before any funds are paid to the investors.

It is unclear whether the Receiver is referring to Administrative Claims the court has already approved, or to some new Administrative Claims the Receiver intends to submit. Given the decidedly modest accomplishments of the Receivership, the court will take a very hard look at any new billings for services

3 - OPINION AND ORDER

rendered. Some additional costs will unavoidably be incurred to provide the required notice and to distribute any funds.

IT IS SO ORDERED.

DATED this  14  day of August, 2008.

*[signature]*
Owen M. Panner
United States District Judge

4 - OPINION AND ORDER