FILED'08 DEC 18 15:19USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE ALPHA TELCOM, INC., et al. | ) CV 01-1283-PA <br> ) <br> ) **TEMPORARY RESTRAINING** <br> ) **ORDER; ORDER TO SHOW** <br> ) **CAUSE; ORDER TO PROVIDE** <br> ) **DOCUMENTS AND AN** <br> ) **ACCOUNTING** <br> ) <br> ) <br> ) **FILED UNDER SEAL** |

**PANNER, J.**

Approximately 15,000 people (referred to here as the "investors") were victimized by a Ponzi scheme. The investors believed they were purchasing payphones for approximately $5,000 per phone. Several companies (referred to collectively here as "Alpha Telcom") purported to install and operate these payphones, and remit the profits to the investors, who were promised a 14 percent return on investment and the right to sell the phones back to Alpha Telcom at the original price. See <u>Securities and</u>

1 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

Exchange Commission v. Alpha Telcom, Inc., 187 F. Supp. 2d 1250 (D. Or. 2002).

A very low risk investment yielding 14 percent--at a time when Certificates of Deposit or Treasury Bills were yielding paltry sums--seemed too good to be true. It was. Alpha Telcom actually was losing money. To maintain the illusion of prosperity, Alpha Telcom cannibalized the principal obtained from the investors and used the investors' own funds to make those payments and to pay sales commissions, salaries for promoters of the scheme, and operating expenses.

In such a scheme the sums "invested" are rapidly dissipated, requiring a continuous inflow of new money. The Alpha Telcom payphone scheme would not have been possible without the efforts of hundreds of sales agents. Frequently operating under the cloak of being a "financial adviser" or some other position of trust, these agents promoted the scheme and pocketed large commissions for their services. Some agents may not have known the scheme was dishonest, but other agents almost certainly knew or suspected the truth but continued to promote the payphone scheme in exchange for lucrative commissions.

Con artists discovered long ago that a list of persons previously defrauded is fertile ground for new schemes. A common ploy is to pose as a good samaritan offering to assist in recovering the lost funds. Once trust has been gained, the

2 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

target is asked to pay the "good samaritan" fees or expenses. Ultimately, the target recovers little if any of the original loss, but is simply suckered again.

Just such a scam may be occurring in the Alpha Telcom case. Ernest Bustos, who was paid at least $127,650 for his services in promoting the payphone scheme, is now promoting himself as the champion of the payphone investors. In his role as "President" of the "Payphone Owners Legal Fund," Bustos has purported to sell "memberships" and otherwise to solicit funds from the victims of the payphone scheme. Based on the present record, there is probable cause to believe that:

(1) Bustos has purported to sell "memberships" and otherwise to solicit funds from victims of the payphone scheme, under the pretext of representing the interests of those victims when Bustos actually represents his own interests and that of other sales agents who profited from the payphone scheme;

(2) Bustos has sold "memberships" in the so-called "Payphone Owners Legal Fund" by promoting a "Payphone Owners Claim Form" purporting to be for "Members Only";

(3) Bustos has induced victims of the payphone scheme to believe it is necessary or beneficial for them to join the "Payphone Owners Legal Fund" and submit a "Payphone Owners Claim Form" in order to recover any funds that they lost in the payphone scheme;

3 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

(4) Bustos may be using the federal court's own records and docketing system to compile sucker lists from which to solicit "memberships" and contributions;

(5) Bustos may have diverted, for his personal use and benefit, funds obtained from victims of the payphone scheme;

(6) Bustos has falsely claimed credit for decisions actually made by this court for reasons unrelated to the arguments asserted by Bustos;

(7) Bustos appears to be passing himself off as an attorney, when he is not licensed as such, and purporting to offer legal advice and to prepare legal documents for third parties in violation of statutes regulating the unlawful practice of law;

(8) Bustos has claimed to represent the interests of third parties and organizations, which a pro se is prohibited from doing in a federal court;

(9) Bustos has misled and confused the victims of the payphone scheme to the point where some individuals have sent checks to this court, under the mistaken belief that such payments are necessary to preserve any claim or in the belief that Bustos is affiliated with this court or with its proceedings;

(10)  Bustos has sought to mislead the victims of the payphone scheme into believing they were obligated to contribute to the legal expenses of defending the Alpha Telcom sales agents

4 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

(such as Bustos) so the victims could show they had attempted to mitigate their damages;

(11) Bustos sought to induce the payphone investors to fund his own defense and that of the other sales agents by leading them to believe the Receiver's efforts to procure judgments against the sales agents posed a threat to the payphone investors when, in reality, judgments against the sales agents were the best remaining hope the investors had of recovering the money they had invested in Alpha Telcom; and

(12) Bustos may have, on other occasions, posed as a consumer advocate to solicit money from the victims of frauds he himself originally helped to perpetrate.

Federal courts have certain inherent powers, including the authority to protect the integrity of their proceedings. The actions of Bustos--at least from the information that is presently available to the court--pose a threat to the integrity of those proceedings, and may even be utilizing the court's own records and procedures to defraud the investors. It also appears that the actions of Bustos may have caused payphone investors not to timely bring claims against the sales agents who peddled these unregistered securities and worthless "investments."

As the Supreme Court has stated in a slightly different context, "tampering with the administration of justice in [this] manner ... involves far more than an injury to a single litigant.

5 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

It is a wrong against the institutions set up to protect and safeguard the public." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 245 (1944). "Moreover, a court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." Chambers, 501 U.S. at 44 (quoting Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580 (1946). "The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." Hazel-Atlas Glass, 322 U.S. at 246.

From the information presently available to the court, there is probable cause to believe that the payphone investors are being victimized anew, that this court's resources may have improperly been utilized to assist in perpetrating that scheme, and that Bustos may be deliberately sowing confusion among the payphone investors for his own gain. The court is mindful of First Amendment rights, but the First Amendment is not a license to steal. The court finds that, in order to protect the investors and the integrity of the judicial system, it is necessary to issue this temporary restraining order effective immediately. A prompt hearing will follow for the purpose of determining whether the temporary restraining order should be extended or dissolved.

6 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

WHEREFORE, it is ordered that:

1. **Temporary Restraining Order.** Effective immediately, Ernest Bustos, the "Payphone Owners Legal Fund," and all agents or persons acting in concert with them are enjoined from soliciting money from the Alpha Telcom payphone investors, from depositing any such funds in any accounts, or from spending any such funds already received.

2. **Order to Show Cause.** On Tuesday, January 6, 2009, at 1:30 p.m. Oregon time, the court will conduct a hearing, via telephone, to decide:

   (a) whether this injunction will be extended or dissolved; and

   (b) whether Bustos should be found in contempt of court.

Prior to the hearing, Mr. Bustos (or the Payphone Owners Legal Fund, acting through counsel) may file with this court a memorandum along with any evidence they wish to offer on their behalf or by way of explanation for their actions.

3. **Order to Provide Documents and an Accounting.** By January 5, 2009, Bustos and the "Payphone Owners Legal Fund" shall furnish to this court:

   A.  A written accounting of all funds received to date from the payphone investors, including the amount received, the date (or approximate date) it was

7 - **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**

received, who the money was received from, and the disposition of those funds, including to whom it was paid and the specific purpose of each expenditure. General explanations of expenditures (such as "to benefit the payphone owners") are insufficient.

B. Copies of all solicitations for money or for "memberships" in the Payphone Owners Legal Fund that Bustos has sent or caused to be sent to the Alpha Telcom payphone investors, whether sent via conventional mail or by electronic means including e-mail or through internet sites.

C. A complete list of the persons to whom solicitations were made, along with an explanation of how Bustos obtained those names, mailing addresses, telephone numbers, or e-mail addresses.

D. Copies of all completed "Payphone Owner Claim Form[s]" or similar documents received from Alpha Telcom payphone investors, and copies of all materials sent to the payphone investors in connection with the solicitation or procurement of those claim forms.

E. A statement describing the amount and specific location (such as the bank and the account number)

8 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

of all funds under the control of the "Payphone Owners Legal Fund" and all funds Bustos or the "Payphone Owners Legal Fund" received from the payphone investors.

F. Any and all uncashed checks or other financial instruments, received from payphone investors, that are in the possession, custody, or control of Bustos or of the "Payphone Owners Legal Fund."

4. The United States Marshal shall cause this Order to be served forthwith upon Ernest Bustos and the "Payphone Owners Legal Fund" (also known as the "Payphone Owners Legal Fund Inc.") who it is believed may presently be found in the San Antonio Division of the Western District of Texas.

5. This order shall be filed under seal and it shall remain sealed until further order of the court.

6. The clerk shall provide copies of this Order to the United States Attorney for the District of Oregon and to the United States Attorney General.

IT IS SO ORDERED.

DATED this 18th day of December, 2008, at 3:20 p.m.

_____
Owen M. Panner
United States District Judge

9 - TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE