FILED'09 JUN 26 15:41USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE ALPHA TELCOM, INC., et al. ) | CV 01-1283-PA |
| ) | |
| ) | **OPINION AND ORDER** |
| ) | |

**PANNER, J.**

Receiver Thomas Lennon, acting through his attorneys (hereafter, the Receiver), executed upon a judgment against Kevin Rimple and obtained $43,799.65. That judgment later was reversed on appeal because the Receiver failed to obtain jurisdiction over Rimple and others.

Following issuance of the mandate, Rimple repeatedly asked the Receiver to return the funds collected from Rimple under authority of the now-vacated judgment. See, e.g., docket # 876. The Receiver, through his attorneys, steadfastly refused to return the money. After this court interceded (# 877), the Receiver filed a response (# 878):

/ / / /

1 - OPINION AND ORDER

> By letter of April 17, 2009, Mr. Kevin Rimple has requested the Receiver to pay $43,829.65 which the Receiver collected pursuant to the Court's March 31, 2005 Disgorgement Order. There is no legal or equitable basis for the Receiver to return these funds to Mr. Rimple . . . . The decision by the Ninth Circuit Court of Appeals in the *Securities and Exchange Commission v. Ross*, 504 F.3d 1130 (9th Cir. 2007) was received well over one year following the collection of the judgment from Mr. Rimple. Neither Mr. Rimple nor any of the other defendants obtained a stay pending the outcome of the appeal. "In the absence of a stay or injunction pending appeal, the prevailing party may act upon a District Court's order or judgment." Goelz & Watts, Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice, §§ 6:315, 6:317.1, 6-55 (2009). As such, there is no legal basis for Mr. Rimple's current request for the Receiver to return funds properly collected by the Receiver, pursuant to the original ruling of the Court. Id. at 6-55, § 6:317.
>
> Therefore, the Receiver has rejected Mr. Rimple's request for the return of funds. Instead the Receiver has included funds collected from Mr. Rimple and others in the amounts which are presently set aside for distribution to the investors.[1]

/ / / /

---

[1] That these funds are set aside for "distribution to the investors" is a questionable description. The Receiver and his attorneys have filed applications for fees and costs that, if granted, would consume a substantial part of the limited funds still held by the Receiver. The court ultimately will decide what additional amounts, if any, the Receiver and his attorneys are entitled to recover for their services in this matter.

Rimple, not easily dissuaded, continued to seek return of the funds. (# 882). The Receiver, through his attorneys, continued to deny Rimple was entitled to return of the money:

> This letter is in response to your May 6, 2009 letter. Enclosed is a copy of the pleading filed with the Court *in which I have described the basis for the Receiver not returning funds collected or received from you* in connection with the judgment for disgorgement entered by the District Court.
>
> In simple terms, since you and other appellants did not seek a stay of the collection of the judgment pending the outcome of the appeal, the Receiver was properly acting to collect the judgment during the pendency of the appeal. The collection efforts directed toward you were consistent with the actions taken by the Receiver as to other appellants and sales agents during the pendency of the appeal. *There is no legal basis for the return of money collected prior to the Appellate Court's overturning of the District Court judgment. As such, the Receiver is not in a position to return money to you or other sales agents.*

Letter of May 20, 2009, from David R. Zaro (# 891, Ex. A) (emphasis added).

This court ordered the Receiver to appear in person and show cause why the funds should not be returned to Rimple. (# 892).

The Receiver then filed a memorandum (# 899) acknowledging Rimple actually is entitled to return of the funds. Still, the Receiver (or his attorneys) continued to dissemble:

3 - OPINION AND ORDER

> The Receiver thus does not dispute Mr. Rimple's ability, in the abstract, to seek to recover the subject funds. However, as the Receiver maintained in prior responses to Mr. Rimple's reimbursement request, the return of the subject funds is not proper at this time.
>
> Specifically, Mr. Rimple's written reimbursement requests to the Receiver were procedurally inappropriate. In order to recover the subject funds, Mr. Rimple is obligated to file a motion and secure a writ of execution. See Tumelson, 2007 WL 1228616 at *1; Fed. R. Civ. P. 69. Further, and to the extent that Mr. Rimple, or others similarly situated, would claim a right to prejudgment interest, the law is clear: the Court may not "punish [the Receiver] for executing on a valid judgment by imposing prejudgment interest." Id.
>
> For these reasons, the Receiver respectfully submits that while Mr. Rimple may enjoy an abstract right to the return of the subject funds, his efforts to date to recover the funds have been procedurally inappropriate, and the Receiver's election to retain the funds at this time has been proper.

Receiver's Response (# 899), pp. 3-4.

In the earlier documents this court has seen, the Receiver never claimed that Rimple's requests, though proper "in the abstract," were being rejected only because the requests were not in the proper form. Instead, the Receiver flatly denied that Rimple had any right to the funds--"abstract" or otherwise--and essentially told Rimple to go away.

4 - OPINION AND ORDER

This game will end right now. The Receiver has five business days from today to make satisfactory arrangements with Rimple to return $43,799.65 the Receiver acknowledges is owed to Rimple.

IT IS SO ORDERED.

DATED this ___26___ day of June, 2009.

*Owen M. Panner*
Owen M. Panner
United States District Judge

5 - OPINION AND ORDER