FILED'09 SEP 01 15:04USDC-ORM

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE ALPHA TELCOM, INC., et al. ) | CV 01-1283-PA |
| ) | |
| ) | **OPINION AND ORDER** |
| ) | |

**PANNER, J.**

Receiver Thomas Lennon ("the Receiver") obtained a money judgment against a number of former Alpha Telcom sales agents. In re Alpha Telcom, Inc., CV 01-1283-PA (D. Or. March 31, 2005) (docket # 385). That judgment subsequently was reversed on appeal because the Receiver failed to obtain jurisdiction over the agents. Securities and Exchange Commission v. Ross, 504 F.3d 1130 (9th Cir. 2007). In the interim, the Receiver had used the judgment to garnish bank accounts or otherwise to obtain funds from some of the agents.

Following issuance of the mandate, some sales agents asked the Receiver to return the money obtained from them under authority of the now-vacated judgment. The Receiver repeatedly

1 - OPINION AND ORDER

refused. On May 28, 2009, I set a deadline of June 29, 2009, for "[a]ny person or entity claiming a right to the return of funds that were obtained under the authority of the now vacated judgment . . . to present such claim to the Receiver, with a copy to the Court."  (# 892)

On June 26, 2009, I ordered the Receiver to refund $43,799.65 the Receiver had collected from Kevin Rimple. (# 904). I now rule upon the remaining reimbursement requests.

## A. Procedural Objection

The Receiver's objection to the form of the refund requests is overruled. In the present circumstance the letters to the Receiver, with a copy to the court which was docketed, are sufficient to present the matter for decision. The Receiver knows who these persons are who are requesting a refund, and what funds the Receiver obtained from them and how.

The Receiver cites Fed. R. Civ. P. 69(1), which states, in relevant part: "A money judgment is enforced by a writ of execution, unless the court directs otherwise." To the extent such direction is required here, the court "directs otherwise."

## B. Specific Refund Requests

### 1. Charles Tummino

The Receiver garnished $25.10 from Tummino's bank account, under authority of a judgment that has now been voided. Those funds must now be returned to Tummino. He is not entitled to

2 - OPINION AND ORDER

recover the $75 fee imposed by his bank; only the $25.10 actually taken by the Receiver.

  2.  **Evelyn Baumgardner**

Baumgardner states that an unspecified sum was garnished from her wages by the State of Arizona, as a result of an administrative adjudication that relied upon the now-vacated judgment. The Receiver doesn't have Baumgardner's money. Arizona does. The Receiver did register a garnishment Order against Baumgardner in Arizona, but the Receiver states that no funds were obtained thereby. Accordingly, Baumgardner's request for a refund is denied.

  3.  **Priscilla Ross**

The Receiver collected $25,200 from Ross, the full amount of the judgment against her. Ross successfully appealed from that judgment. The Receiver must now return to Ross the funds obtained from her.

Ross seeks 3% interest on the $25,200 since October 15, 2007, the date the Ninth Circuit issued its opinion. The Mandate did not issue until February 11, 2008. So far as the record shows, Ross first requested a refund in a letter dated June 1, 2009. The court awards Ross interest at 3% per annum from June 1, 2009.

Ross also seeks "costs of $1600 incurred in pursuing this matter." If she means her costs on appeal, the time to file a

3 - OPINION AND ORDER

bill of costs has long since passed. Ross has not pointed to, and the court is not aware of, any other basis for awarding costs to Ross.

4. **Manuel Mendoza**

The Receiver obtained $22,861 from Mendoza under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Mendoza is entitled to the return of those funds.

5. **Bill Orcutt**

The Receiver obtained $2,500 from Orcutt, under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Orcutt is entitled to the return of those funds.

6. **Denielle Cerny (fka Denielle Carr)**

The Receiver obtained $10,000 from Cerny under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Cerny is entitled to the return of those funds.

7. **Mary Abdallah**

The Receiver obtained $3,333.33 (net amount after collection costs and fees) from Abdallah under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Abdallah is entitled to the return of those funds.

8. **Larry Goto**

The Receiver obtained $3,209.74 (net amount received after collection costs and fees) from Goto under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Goto is entitled to the return of those funds.

9. **Tom Park**

The Receiver obtained $1,049.09 from Park under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Park is entitled to the return of those funds.

10. **Long Island Trust - J. Wustner**

The Receiver obtained $171.71 from Long Island Trust (J. Wustner) under authority of the now vacated judgment. After considering the Receiver's arguments, the law, and the equities, the court finds Long Island Trust (J. Wustner) is entitled to the return of those funds.

The Receiver has ten business days from today to make satisfactory arrangements to return any funds the court has ordered him to return in accordance with this Opinion and Order.

C. **Bar Order**

The amount of funds available for distribution to the investors must be fixed. Therefore, any claims for reimbursement of funds obtained under authority of the now-vacated judgment

against the former sales agents, that have not been presented and ruled upon, are denied.

### Conclusion

The Receiver shall refund $25.10 to Charles Tummino; $22,861 to Manuel Mendoza; $2,500 to Bill Orcutt; and $10,000 to Denielle Cerny (fka Denielle Carr).

The Receiver shall refund $25,200 to Priscilla Ross, plus 3% interest from June 1, 2009. Her request for $1,600 in costs, and interest from October 15, 2007, are denied.

The Receiver shall refund $3,333.33 to Mary Abdallah; $3,209.74 to Larry Goto; $1,049.09 to Tom Park; and $171.71 from Long Island Trust (J. Wustner).

The Receiver has ten business days from today to make satisfactory arrangements to return those sums.

The reimbursement claim by Evelyn Baumgardner is denied, as the Receiver obtained no funds from her.

Any other claims for reimbursement of funds obtained under authority of the now-vacated judgment against the former sales agents, not presented and ruled upon, are denied.

IT IS SO ORDERED.

DATED this ____/____ day of September, 2009.

_____
Owen M. Panner
United States District Judge

6 - OPINION AND ORDER